```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                    Civil Action No. 1:20CR66
                                              (Judge Keeley)

**JAMES HARDESTY,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING R&R [DKT NO. 33], OVERRULING DEFENDANT'S OBJECTIONS [DKT. NO. 38], AND DENYING DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 20]**

This felon in possession case stems from an investigatory stop of James Hardesty ("Hardesty") on Floral Avenue in Fairmont, West Virginia. Police Officer Justin Wheeler ("Officer Wheeler") encountered Hardesty in response to a 911 call reporting that a man appeared to be under the influence of a controlled substance. While interacting with Hardesty, Officer Wheeler observed a large knife in a sheath attached to Hardesty's belt. While attempting to remove the knife with Hardesty's consent, Officer Wheeler saw a firearm in Hardesty's jacket pocket. He then proceeded to handcuff Hardesty, retrieve the knife and firearm, and provide Hardesty's personal information to the dispatcher. After he learned Hardesty was prohibited from possessing a firearm because of a prior felony conviction, Officer Wheeler arrested him.

Pending is Hardesty's motion to suppress the firearm, which he claims was obtained in violation of his Fourth Amendment rights,

USA v. HARDESTY                                                1:20CR66

**MEMORANDUM OPINION AND ORDER ADOPTING R&R [DKT NO. 33], OVERRULING DEFENDANT'S OBJECTIONS [DKT. NO. 38], AND DENYING DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 20]**

and his objection to the Report and Recommendation ("R&R") by the Honorable Michael J. Aloi, United States Magistrate Judge, recommending that Hardesty's motion be denied. For the following reasons, the Court **ADOPTS** the R&R (Dkt. No. 33), **OVERRULES** Hardesty's objections (Dkt. No. 38), and **DENIES** his motion to suppress (Dkt. No. 20).

I.  BACKGROUND

A. Procedural History

On October 7, 2020, a grand jury sitting in the Northern District of West Virginia returned a one-count indictment, charging Hardesty with Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Dkt. No. 3). After Hardesty moved to suppress the firearm, the Court referred the motion to Magistrate Judge Aloi for initial review (Dkt. Nos. 20, 21). At an evidentiary hearing held on December 21, 2020, Magistrate Judge Aloi heard the testimony of Officer Wheeler and Hardesty (Dkt. No. 31). The facts adduced at this hearing are summarized fully in the R&R, and the Court has reviewed the evidence introduced during the hearing and the audio recording of the hearing.

B. Report and Recommendation

The R&R, dated December 30, 2020, characterizes the central question in this case as whether Officer Wheeler had a reasonable

**MEMORANDUM OPINION AND ORDER ADOPTING R&R [DKT NO. 33], OVERRULING DEFENDANT'S OBJECTIONS [DKT. NO. 38], AND DENYING DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 20]**

suspicion to seize Hardesty (Dkt. No. 33 at 3). For two reasons, the R&R recommended that the Court deny Hardesty's motion to suppress. First, it found the 911 call to be presumptively reliable and credible given the consistency between the 911 caller's description of the situation and the facts observed by Officer Wheeler. Id. at 7-8. It also determined that Hardesty had failed to rebut this presumption. Id. Second, the R&R concluded that Officer Wheeler had a reasonable suspicion to detain Hardesty because, after arriving on the scene within minutes of being dispatched, he observed a person matching the 911 caller's description behaving in a manner consistent with someone under the influence of drugs. Id. at 8-9.

### C. Hardesty's Objections

Hardesty raises two objections to the R&R. He first objects to its "imposition of a burden of a rebuttable presumption in this case" (Dkt. No. 38 at 2-3). He next objects to its finding of a reasonable suspicion justifying Hardesty's seizure, arguing that the R&R does not indicate the type of criminal activity that was afoot, and that "Officer Wheeler knew nothing more than [that] he was dealing with someone dozing off and who might be having a medical issue, including a possible overdose due to legal substances." Id. at 4-5 (emphasis in original).

Case 1:20-cr-00066-IMK-MJA   Document 40   Filed 01/27/21   Page 4 of 10   PageID #: 158

USA v. HARDESTY                                                  1:20CR66

**MEMORANDUM OPINION AND ORDER ADOPTING R&R [DKT NO. 33], OVERRULING DEFENDANT'S OBJECTIONS [DKT. NO. 38], AND DENYING DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 20]**

### D. Government's Response

The Government contends the R&R correctly presumed that the 911 call was reliable and credible because the caller identified herself to dispatch and Officer Wheeler was aware of her location. It also maintains that Officer Wheeler had a reasonable suspicion to seize Hardesty because his own observations corroborated the details described in the 911 call.

## II.  STANDARD OF REVIEW

When considering a magistrate judge's R&R pursuant to 28 U.S.C. § 636(b)(1), the Court must review de novo those portions to which an objection is timely made. Otherwise, the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the defendant does not object. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Courts will uphold portions of a recommendation to which no objection has been made unless they are "clearly erroneous." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## III.  APPLICABLE LAW

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV. Generally, a seizure occurs if a reasonable person would not feel free to leave. United States v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002). This includes brief investigatory stops. Terry v. Ohio, 392 U.S. 1 (1968). However, an

Case 1:20-cr-00066-IMK-MJA Document 40 Filed 01/27/21 Page 5 of 10 PageID #: 159

USA v. HARDESTY                                                    1:20CR66

**MEMORANDUM OPINION AND ORDER ADOPTING R&R [DKT NO. 33],
OVERRULING DEFENDANT'S OBJECTIONS [DKT. NO. 38], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 20]**

investigatory stop is permissible if, at the time of the seizure, the police officer has a reasonable suspicion that criminal activity is afoot. Id. at 30. A reasonable suspicion requires some minimal level of objective justification for making a stop. United States v. Sokolow, 490 U.S. 1, 7 (1989).

"In making reasonable-suspicion determinations, reviewing courts must look at the 'totality of the circumstances' for each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." United States v. Arvizu, 534 U.S. 266, 273 (2002). A search or seizure without a reasonable suspicion triggers the "exclusionary rule," which "forbids the use of improperly obtained evidence at trial." Herring v. United States, 555 U.S. 135, 139 (2009).

## IV.   DISCUSSION

After conducting a de novo review of the portions of the R&R to which Hardesty has objected, and following a review of the remaining portions for clear error, the Court concludes that, based on the totality of the circumstances, (1) Hardesty failed to rebut the presumption that the 911 call was reliable and credible; and (2) Officer Wheeler had a reasonable suspicion to justify Hardesty's seizure, which led to the discovery of the firearm.

Case 1:20-cr-00066-IMK-MJA Document 40 Filed 01/27/21 Page 6 of 10 PageID #: 160

USA v. HARDESTY                                              1:20CR66

**MEMORANDUM OPINION AND ORDER ADOPTING R&R [DKT NO. 33],
OVERRULING DEFENDANT'S OBJECTIONS [DKT. NO. 38], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 20]**

### A. The 911 Call Was Presumptively Reliable and Hardesty Failed to Rebut this presumption

Hardesty contends that the 911 call which prompted Officer Wheeler to respond to Floral Avenue is not entitled to a presumption of reliability. He characterizes that call as an anonymous tip because the officer did not know the caller's name or that she had provided identifying information to dispatch. He further avers that, while police officers may rely on citizen-informant tips in certain circumstances, such tips do not create a presumption of reasonable suspicion.

"The degree to which the police may rely on a tip to establish reasonable suspicion depends on the tipster's veracity, reliability, and basis of knowledge." United States v. Kehoe, 893 F.3d 232, 238 (4th Cir. 2018) (citing Alabama v. White, 496 U.S. 325, 328, (1990)). It is generally presumed that a "citizen-informant ... who discloses his or her identity and basis of knowledge to the police is both reliable and credible." Id. Conversely, an anonymous tip "rarely demonstrates the informant's basis of knowledge or contains sufficient indica of reliability" to justify an investigatory stop. Id.

Here, the 911 caller disclosed her name and phone number to the dispatcher and indicated she was reporting the incident as she observed it unfolding before her (Dkt. No. 33 at 4). During the

**MEMORANDUM OPINION AND ORDER ADOPTING R&R [DKT NO. 33], OVERRULING DEFENDANT'S OBJECTIONS [DKT. NO. 38], AND DENYING DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 20]**

call, she described the appearance, location, and behavior of the man later identified as Hardesty. Specifically, she described a white male with dark hair, a black jacket and blue jeans, and provided directions to his location. She then reported that he appeared to be overdosing or having a medical emergency. She stated the man had been on the ground but that, during the call, he was leaning against the building, flailing his head and arms around. As the R&R notes, nothing indicates that the call was disingenuous: "The caller was identifiable, appears to have been reliable, and responding to an objectively concerning scenario." Id. at 7.

Officer Wheeler's own observations, moreover, confirmed the accuracy of the details reported in the 911 call, and established that the tip "was accurate, and verifiable, and precisely relayed what appeared to be an exigent situation" (Dkt. No. 33 at 7). Although the caller's name was only known to the dispatcher, Officer Wheeler easily could have ascertained her identity and, in any case, was aware of her location and basis of knowledge. Id. at 4; Kehoe, 893 F.3d at 239 (finding that a 911 caller was not anonymous because he provided his first name and phone number so that police could determine his identity). Therefore, this tip was presumptively reliable and credible, and Officer Wheeler was entitled to rely on it in determining whether there was a reasonable suspicion to seize Hardesty.

**MEMORANDUM OPINION AND ORDER ADOPTING R&R [DKT NO. 33], OVERRULING DEFENDANT'S OBJECTIONS [DKT. NO. 38], AND DENYING DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 20]**

But even if the 911 call in this case had been anonymous, it contained sufficient information to raise a reasonable suspicion for Hardesty's seizure. Anonymous information can justify a seizure if it "exhibits sufficient indicia of reliability." United States v. Elston, 479 F.3d 314, 318 (4th Cir. 2007) (internal citations omitted). Indicators of reliability include whether the informant provides details about the individual and the alleged criminal activity, denotes their basis of knowledge, or reports contemporaneous personal observations. Here, the caller described in detail all critical aspects of the incident based on her personal observations. Thus, even if considered an anonymous tip, the call contained sufficient indicators of reliability and established a reasonable suspicion justifying Hardesty's seizure.

Because Hardesty did not rebut the presumptively reliable and credible 911 call, and because the call would have raised a reasonable suspicion even if not entitled to such presumption, the Court **OVERRULES** Hardesty's first objection.

**B. Officer Wheeler had a Reasonable Suspicion to Detain Hardesty**

Hardesty also objects that Officer Wheeler did not have a reasonable suspicion to seize him without a warrant. To seize Hardesty, Officer Wheeler needed a reasonable suspicion that Hardesty was publicly intoxicated. Terry, 392 U.S. at 30. The 911

**MEMORANDUM OPINION AND ORDER ADOPTING R&R [DKT NO. 33], OVERRULING DEFENDANT'S OBJECTIONS [DKT. NO. 38], AND DENYING DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 20]**

call, in combination with Officer Wheeler's own observations, provided an objective justification for this reasonable suspicion.

Officer Wheeler arrived at the described location within minutes of the 911 call, where he found Hardesty, who matched the caller's description, behaving in a manner consistent with the caller's report and consistent with a person under the influence of drugs or alcohol. (Dkt. No. 33 at 4). Hardesty was seated on a motorcycle with his eyes closed and his head bobbing up and down. Id. Hardesty did not respond to Officer Wheeler's presence or questions until the officer "woke him up" by touching his shoulder. Id. Accordingly, Officer Wheeler's interaction with Hardesty not only confirmed the 911 narrative but also provided a particularized and objective basis for suspecting Hardesty was intoxicated.

Because Officer Wheeler had a reasonable suspicion to believe that Hardesty was publicly intoxicated, it is irrelevant that Hardesty did not possess any drugs or drug paraphernalia when arrested, or that he may have been under the influence of a legal substance. As the R&R observes, "it would have been surprising, and arguably irresponsible, for Officer Wheeler to do anything but detain Defendant in the fashion in which he did. Officer Wheeler responded in a manner consistent with his training, community expectations, common sense, and the law." Id. at 8.

Case 1:20-cr-00066-IMK-MJA   Document 40   Filed 01/27/21   Page 10 of 10   PageID #: 164

USA v. HARDESTY                                                        1:20CR66

**MEMORANDUM OPINION AND ORDER ADOPTING R&R [DKT NO. 33], OVERRULING DEFENDANT'S OBJECTIONS [DKT. NO. 38], AND DENYING DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 20]**

Therefore, the Court **OVERRULES** Hardesty's second objection. And because Officer Wheeler had a reasonable suspicion to detain Hardesty, his discovery of a visible firearm during the investigatory stop was not unlawful.[1] Thus, the exclusionary rule does not apply, and the firearm should not be suppressed.

### V. CONCLUSION

For the reasons discussed, the Court:

(1) **OVERRULES** Hardesty's objections to the R&R (Dkt. No. 38);

(2) **ADOPTS** the R&R in full (Dkt. No. 33); and

(3) **DENIES** Hardesty's motion to suppress (Dkt. No. 20).

It is so **ORDERED.**

The Clerk **SHALL** transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: January 25, 2021.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Officer Wheeler could also have lawfully searched Hardesty for weapons. If a police officer conducting an investigatory stop has a reasonable suspicion that the person may be armed and dangerous, he may perform a pat-down to search for weapons. Terry, 392 U.S. at 30. Here, Officer Wheeler knew that Hardesty was armed when he saw the knife at Hardesty's waist. He therefore could have lawfully searched for additional weapons. This search was unnecessary, however, as the firearm was visible during Officer Wheeler and Hardesty's interaction.